Diane **LOVE**

v.

**ACTMEDIA, INC.**

**Civ. No. 5–92–249 (WWE).**

United States District Court,
D. Connecticut.

Nov. 17, 1993.

Joseph D. Garrison, Garrison & Arterton, New Haven, CT.

Christopher Pinchiaroli, Diane K. Rembleske, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT.

Joseph A. Saccomano Jr., Jackson, Lewis, Schnitzler & Krupman, White Plains, NY.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Diane Love, brought this action against her former employer, defendant, Actmedia, Inc., pursuant to 42 U.S.C. § 2000e. Plaintiff alleges that defendant unlawfully terminated her employment on the basis of gender. Now pending before this court is defendant's motion for summary judgment.

### FACTS

Defendant provides marketing services throughout the United States for manufacturers of consumer products. Defendant's sales operations consist of two separate divisions, the Advertising Division and the Promotion Division. In 1985, defendant hired

plaintiff as a sales representative in the Promotion Division. Initially, plaintiff worked out of defendant's office in Connecticut, despite the fact that a majority of her accounts were on the west coast.

In 1989, at the suggestion of her manager, William Cargill, plaintiff relocated to San Francisco, California. The parties anticipated that plaintiff would remain on the west coast for two years. Prior to 1990, employee evaluations prepared by Cargill indicated that plaintiff had performed effectively as a sales representative.

In 1990, plaintiff's job performance declined; throughout the year she failed to meet her sales goals. In January, 1990, Patrick Harris, also a manager of plaintiff, reviewed plaintiff's west coast accounts. Harris was concerned about plaintiff's failure to obtain the renewal of business from her largest account. In May, 1990, at defendant's request, plaintiff relocated back to Connecticut. Defendant reassigned plaintiff's west coast accounts to a male salesperson.

When plaintiff returned to Connecticut, defendant assigned her an account list. Subsequently, Cargill informed plaintiff that he was disappointed with her low sales figures and with her inability to generate business. In September, 1990, Cargill issued an evaluation of plaintiff addressing her drop in performance. Cargill made clear that plaintiff's recent performance was unacceptable and that plaintiff would have to improve her productivity to ensure continued employment. In October, Cargill issued another evaluation reiterating that plaintiff's performance was unacceptable. Cargill and plaintiff met and discussed each aspect of this second evaluation. In November, 1990, defendant terminated plaintiff's employment.

Plaintiff admits that throughout 1990 she was unable to meet her sales goals, but attributes this shortcoming to her relocation. She further asserts that defendant did not discharge several male employees despite inadequate performances. Instead, defendant transferred the male employees from the Advertising Division to the Promotion Division. Plaintiff also argues that defendant failed to review her job performance over a multi-year period, as it had done for several male employees. In sum, plaintiff claims that her unsatisfactory performance was fully justified and that defendant discharged her on the basis of her gender.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). "[T]he salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials— apply no less to discrimination cases than to commercial or other areas of litigation." *Meire v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

■ The viability of an employment discrimination claim turns on the application of the burden shifting requirements set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff must first establish a prima facie case of discrimination. If plaintiff satisfies this first requirement, the burden shifts to defendant to articulate a legitimate, nondiscriminatory business reason for terminating plaintiff. Finally, if defendant articulates a legitimate reason for discharge, plaintiff must show that defendant's proffered reason is a pretext for discrimination.

■ In an employment discrimination case, a plaintiff's initial burden is to prove that he or she (1) was a member of a protected class, (2) was qualified for the position, (3) was discharged, and (4) that the discharge occurred under circumstances giving rise to

an inference of discrimination. *Rosen v. Thornburgh*, 928 F.2d 528, 532 (2d Cir.1991). This burden is not onerous, and is often characterized as *de minimis*. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988).

■ In the present case, plaintiff has established a prima facie case of discrimination. It is undisputed that plaintiff is a member of a protected class and that defendant discharged her. Plaintiff has further demonstrated that she was qualified for the position. In her first few years as an employee, plaintiff received favorable evaluations and frequent salary increases. Moreover, it is undisputed that after defendant transferred plaintiff back to Connecticut, defendant reassigned her west coast accounts to a male salesperson. This reassignment, coupled with plaintiff's discharge shortly after her relocation, gives rise to an inference of discrimination. The court concludes that plaintiff has made out a prima facie case of discrimination. See *Melnyk v. Adria Laboratories*, 799 F.Supp. 301, 313 (W.D.N.Y.1992) (female plaintiff's showing that she was replaced by a male employee is sufficient to create an inference of sex discrimination).

■ Because plaintiff satisfied her initial burden, it is incumbent upon defendant to articulate a legitimate, nondiscriminatory business reason for discharging plaintiff. "[T]he employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by a discriminatory animus." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 257, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

■ In the present case, defendant has articulated a legitimate reason for plaintiff's discharge, namely her unsatisfactory performance as a salesperson throughout 1990. Plaintiff admitted that in 1990 she fell short of her sales goals. According to defendant, plaintiff failed to obtain the renewal of her largest west coast account. Upon her relocation to Connecticut, she was unable to develop accounts that defendant assigned to her. Furthermore, plaintiff knew that her 1990 performance was unacceptable to defendant; yet she still failed to improve her sales productivity. With considerable specificity, defendant has articulated a legitimate reason for discharging plaintiff.

When a defendant articulates a legitimate reason for discharge, the plaintiff's burden is to demonstrate that defendant's articulated reason was actually a pretext for discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 804, 93 S.Ct. at 1825. A plaintiff can prove pretext either (1) by directly establishing that a discriminatory reason more likely underlies the discharge or (2) by indirectly showing that the stated reason is "unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. The court finds that plaintiff has indirectly demonstrated that defendant's stated reason for discharge may be unworthy of credence.

Plaintiff's evidence shows that she could not meet her 1990 sales goals because her return to Connecticut broke the continuity of her efforts to generate business. Plaintiff has also submitted evidence establishing that male sales representatives from the Advertising Division failed to meet their sales goals. However, instead of discharging them, defendant transferred the male employees to the Promotion Division. Finally, plaintiff's evidence indicates that defendant reviewed the performances of male employees over a multi-year period, but did not afford her a similar opportunity. This is significant because plaintiff's performance between 1985 and 1989 may well have offset her 1990 failings. Viewed cumulatively, plaintiff's evidence casts doubt on defendant's stated reason for discharge.

## CONCLUSION

There are genuine issues of fact as to whether defendant's articulated reason for discharging plaintiff was a pretext for discrimination. For the reasons set forth, defendant's motion for summary judgment (# 45–1) is DENIED.